UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,                                     Case No. 3:17-cv-67

vs.

TJK-ELS WEST END, INC.,              District Judge Thomas M. Rose
                                                     Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED (DOC. 2); (2) DEFENDANT'S MOTION TO DISMISS (DOC. 12) BE DENIED AS MOOT; (3) DEFENDANT'S AMENDED MOTION TO DISMISS (DOC. 14) BE GRANTED; (4) PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE; AND (5) THIS CASE BE TERMINATED**

---

This *pro se* civil case involving claims of employment discrimination is before the Court on *pro se* Plaintiff Warren Easterling's motion for a preliminary injunction[2] (doc. 2) and Defendant's amended motion to dismiss (doc. 14).[3] *Pro se* Plaintiff Warren Easterling filed a memorandum in opposition to Defendant's amended motion.[4] Doc. 15. Defendant did not file a reply memorandum, and the time for doing so has expired. The undersigned has carefully considered all of the foregoing, and Defendant's motion is now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] In his motion for a preliminary injunction, Easterling seeks reinstatement to his job with Defendant, arguing that, in the absence of a preliminary injunction, he "lacks the ability to survive without the ability to earn an income." Doc. 2 at PageID 27. Easterling's motion for a preliminary injunction should be denied because -- in addition to failing to allege facts demonstrating a likelihood of success on the merits of his claims as set forth *infra* -- he fails to allege that he stands to suffer irreparable injury in the absence of a preliminary injunction. *See Smallwood v. Jefferson Cty., Ky.*, 95 F.3d 1153 (6th Cir. 1996) (finding that "a discharged employee's loss of income and embarrassment are not sufficient to demonstrate irreparable harm") (citing *Sampson v. Murray*, 415 U.S. 61, 88-92 (1974)).

[3] Defendant previously filed a motion to dismiss on June 2, 2017 (doc. 12), which the undersigned finds moot in light of Defendant's subsequently filed amended motion. Doc. 14.

[4] Easterling also filed a memorandum in opposition to Defendant's original motion to dismiss (doc. 13), which undersigned considers in determining the merits of Defendant's amended motion.

# I.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## II.

Easterling is an African-American male over the age of 40 who worked for Defendant TJK-ELS West End, Inc. from March 19, 2015 until his termination from employment on October 19, 2016. Doc. 1-1 at PageID 3-7. Defendant is a Dayton, Ohio corporation operating as a franchise of Domino's Pizza. *Id*. Defendant allegedly fired Easterling from his employment because a co-worker accused him of sexual harassment after he allegedly touched her inappropriately. *Id*. at PageID 3. Easterling denies the harassment allegation and asserts that Defendant's failure to investigate the allegation before firing him shows that his termination was, in fact, motivated by race. *Id*. Easterling also alleges that, during his employment, Defendant denied him one or more promotions -- as well as other benefits provided to his co-workers -- on the basis of his age and race. *Id.* at PageID 10.

Easterling filed two charges of race discrimination with the Ohio Civil Rights Commission ("OCRC"). *Id*. at PageID 6; doc. 1-1 at PageID 14-15. Easterling alleges that both of these charges remain pending with the OCRC. Doc. 1 at PageID 6. Notably, while Easterling attaches the race discrimination charges filed with the OCRC to his complaint, he presents no specific allegations and attaches no documents showing the filing of age discrimination charges with the OCRC, the Equal Employment Opportunity Commission ("EEOC"), or other appropriate administrative body.

## III.

On February 27, 2017, Easterling filed suit in this Court alleging claims of: (1) race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; and (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Doc. 1-1 at PageID 5. Defendant moves to dismiss Easterling's claims on the basis that he failed to properly exhaust his available administrative remedies. Doc. 14 at PageID 94-95.

Title VII claims of race discrimination cannot be pursued unless the plaintiff "possesses a 'right to sue' letter from the EEOC." *E.E.O.C v. Frank's Nursery & Crafts, Inc.,* 177 F.3d 448, 456 (6th Cir. 1999). Similarly, claims of age discrimination under the ADEA must also be exhausted administratively. *See Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). The "'[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal' of a Title VII, ADA or ADEA action." *Reddy v. JP Morgan Chase Bank, N.A.*, No. 2:09-CV-1152, 2012 WL 3686287, at *3 (S.D. Ohio Aug. 27, 2012); *see also Hoover v. Timken Co.*, 30 F. App'x 511, 512-13 (6th Cir. 2002).

While Easterling alleges the filing of race discrimination charges with the OCRC, he also ackowledges that those claims remain pending with that agency. Doc. 1-1 PageID 6. Because those charges remain pending, Easterling's race discrimination claims have not been exhausted and his race discrimination claims should be dismissed without prejudice to refiling if and when he is issued a "right to sue" letter. In addition, Easterling sets forth no allegations that he has exhausted his age discrimination claims and, therefore, such claims should also be dismissed. Additionally, Easterling fails to set forth reasoning why his motion for injunctive relief should be granted.

**IV.**

Based upon the foregoing, the undersigned **RECOMMENDS** that: (1) *Pro se* Plaintiff's motion for a preliminary injunction (doc. 2) be **DENIED**; (2) Defendant's original motion to dismiss (doc. 12) be **DENIED AS MOOT**; (3) Defendant's amended motion to dismiss (doc. 14) be **GRANTED**; (4) Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and (5) this case be **TERMINATED** on the Court's docket.


Date:  August 16, 2017                     s/ Michael J. Newman
                                           Michael J. Newman
                                           United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).